IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MATTHEW LEE WILSON,** Inmate **#64697,** | )<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) CIVIL NO. 06-426-WDS<br>)<br>) |
| **DANIEL KELLEY,** | )<br>) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

Plaintiff, a federal detainee, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

**FACTUAL ALLEGATIONS**

Based on the factual allegations stated in the complaint, the Court has gleaned the following. On September 20, 2005, Plaintiff was taken into the custody of the Monroe County, Illinois, Sheriff, on alleged violations of his federal supervised release; his vehicle was impounded. Plaintiff was transferred to the custody of the United States Marshal Service for the Southern District of Illinois, then to the Marshal Service for the Eastern District of Missouri. Plaintiff, with the help of his family and an attorney, attempted to locate and obtain his vehicle and personal property contained therein, without success, because it was unclear which law enforcement entity in the chain of custody actually held the property. After a lengthy search, Plaintiff determined that Defendant, the Monroe County Sheriff, held the property, and refused to allow Plaintiff to get it back. In this section 1983 action, Plaintiff seeks return of the vehicle and other personal property.

**LEGAL STANDARDS**

The only constitutional right that might be implicated by these facts is plaintiff's right, under the Fourteenth Amendment, to be free from deprivations of his property by state actors without due process of law. To state a claim under the due process clause of the Fourteenth Amendment, plaintiff must establish a deprivation of liberty or property *without due process of law*; if the state provides an adequate remedy, plaintiff has no civil rights claim. *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984) (availability of damages remedy in state claims court is an adequate, post-deprivation remedy). The Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *Murdock v. Washington*, 193 F.3d 510, 513 (7th Cir. 1999); *Stewart v. McGinnis*, 5 F.3d 1031, 1036 (7th Cir. 1993); 705 ILCS 505/8 (1995). Accordingly, Plaintiff's remedy for return of his personal property lies with the state; Plaintiff has

no federal claim under Section 1983.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: February 7, 2007**

**s/ WILLIAM D. STIEHL**
**DISTRICT JUDGE**